IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:16-CV-00013-FL

| | |
|---|---|
| WILLIAM L. ASKEW, SR. and TOORA B. ASKEW, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| SETERUS, INC., | ) ) |
| Defendant. | ) ) |

ORDER

This matter is before the court on defendant's motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (DE 7). Plaintiffs' time for response has passed. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted.

## BACKGROUND

Plaintiffs, proceeding *pro se*, filed this action on March 25, 2016, asserting claims against defendant relating to a state court foreclosure proceeding in Pasquotank County, North Carolina**.** Specifically, plaintiffs assert the following claims: (1) violation of the Administrative Procedure Act ("APA"), 5 U.S.C.A. § 556 ("Count I"); (2) violation of the rules and regulations under the Securities Exchange Act of 1934, 17 C.F.R. § 240.10b-5 ("Rule 10b-5") ("Count II"); and (3) violation of North Carolina's Uniform Commercial Code, N.C. Gen. Stat. § 25-3-302(a)(1) ("Count

III"). Plaintiffs also allege that their property was "seized and sold illegally" ("Count IV"). Plaintiffs request damages equal to the total value of their property plus "all bonds taken for [their] benefit together with "the proceeds of any sale. . .of the real and personal property located at 703 Bunnel [sic] Ave., Elizabeth City, North Carolina." (DE 1).

On April 15, 2016, defendant filed the instant motion to dismiss. In support of its motion, defendant submitted a memorandum of law along with several exhibits. On May 5, 2016, plaintiffs filed a motion to stay proceedings, which the court construed as a motion to extend the time within which to respond to defendant's motion to dismiss. The court granted that relief, extending plaintiffs' time for response. Plaintiffs' time for response has now expired. Defendant contends that this court lacks subject matter jurisdiction over plaintiffs' claims by operation of the Rooker-Feldman doctrine. In the alternative, defendant argues plaintiffs' claims are legally and factually insufficient and do not state a claim upon which relief can be granted.

## STATEMENT OF FACTS

The facts alleged in plaintiffs' complaint may be summarized as follows. Plaintiffs describe in their complaint certain events leading up to and concerning a state court foreclosure proceeding entitled, "Matter of Foreclosure of a Deed of Trust Dated June 30, 2004 and recorded in Book 813 at Page 562 Recorded on July 19, 2005 in Book 865, Page 382 in the Pasquotank County Public Registry, North Carolina." (DE 1). On four different occasions prior to the foreclosure proceeding, plaintiffs' property was entered, "without permission or key." (DE 1). Plaintiffs' property was first entered on April 21, 2014. During this entry, the rear entrance door of plaintiffs' dwelling was broken. On May 9, 2014, plaintiffs' property was entered for a second time, which resulted in the

2

breaking of plaintiffs' front entrance door. Plaintiffs' property was also entered on July 29 and July 30, 2014.

On "January 28, 1915 [sic]", plaintiffs' property was seized and sold at a public foreclosure sale. (DE 1). During the parties' negotiations relating to the foreclosure proceedings, defendant failed to fully disclose "all pertinent material facts" to plaintiffs. (DE 1). Furthermore, over the course of those foreclosure proceedings dating from August 28, 2014 to August 3, 2015, defendant submitted "altered and fraudulent documents." (DE 1).

**DISCUSSION**

A.     Standard of Review

1. Rule 12(b)(1)

To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of showing that subject matter jurisdiction is appropriate. See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. In that instance, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The standard of review, however, is the same as with a motion for summary judgment. Thus, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

3

2. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To meet this standard, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Courts must liberally construe *pro se* complaints, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011). "The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

B.  Analysis

   1. Subject Matter Jurisdiction

The Rooker-Feldman doctrine divests district courts of subject matter jurisdiction to hear actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine applies "when the loser in state court files suit in the federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006). By contrast, the doctrine is inapplicable where a federal plaintiff asserts a claim independent of the prior state claim, such as where the injury complained of in federal court was caused by a third party rather than by the state court judgment itself. See Exxon, 544 U.S. at 293.

This court is without jurisdiction to hear Counts I and IV under Rooker-Feldman. In Count I, plaintiffs assert that they did not receive a "fair hearing" for the allegation that defendant submitted fraudulent documents during the foreclosure proceedings. (DE 1). In Count IV, plaintiffs allege that their property was illegally seized and sold. To the extent plaintiffs' claims seek relief stemming from the foreclosure order entered by the Pasquotank County Assistant Clerk of Court permitting the foreclosure sale and the Superior Court Judge's order affirming the validity of that sale, plaintiffs' claim is barred by Rooker-Feldman. Since entertaining Counts I and IV would necessarily require the court to sit in review of the state court foreclosure judgment, the court lacks jurisdiction to hear those claims.

5

Pursuant to the Rooker-Feldman doctrine, the court also lacks subject matter jurisdiction to hear Counts II and III. Plaintiffs suggest that defendant violated Rule 10b-5, where defendant failed make full disclosures to them and also violated North Carolina's Uniform Commercial Code, where defendant altered and submitted fraudulent documents in the foreclosure proceedings. Under North Carolina law, in determining whether or not to authorize a foreclosure sale, the clerk of court is required to "consider the evidence of the parties." N.C. Gen. Stat. § 45-21.16(d) (2011). The clerk's entry of an order authorizing a foreclosure sale is a judicial act. Id. Thus, again, entertaining Counts II and III would require the court to assess the conclusions of law made by the Clerk and Judge, which is prohibited by the Rooker-Feldman doctrine.

Finally, in light of the dismissal of plaintiffs' federal claims, to the limited extent plaintiffs allege defendant committed fraud prior to the state court judgment, the court declines to exercise supplemental jurisdiction over those state-court claims. 28 U.S.C. § 1367(c)(3); see Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012).

2. Failure to State a Claim

To the limited extent plaintiffs allege defendant failed to make full disclosures or violated their civil rights prior to and apart from the state court judgment, those allegations fail to state a claim upon which relief can be granted.

a. Count II

Under Rule 10b-5, it is unlawful for any person "to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, . . . in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5.

Presently, plaintiffs have not provided any facts indicating that defendant's failure to disclose material facts occurred "in connection with the purchase or sale of any security." Id. Without such facts, there is no viable claim under Rule 10b-5. Therefore, Count II should be dismissed for failure to state a claim upon which relief may be granted.

      b. Count IV

By statute, district courts "have original jurisdiction of any civil action authorized by law to be commenced by any person . . . to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States of America." 28 U.S.C.A. § 1343(a)(3). This jurisdiction however, is limited to "alleged infringements of rights under 'color of . . . State law.' " Lynch v. Household Finance Corp., 405 U.S. 538, 547 (1972). Private conduct is not within the reach of this jurisdictional statute. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). Here, plaintiffs allege that their property was searched and seized illegally, in violation of their civil rights. However, defendant is a private entity. Plaintiffs have alleged no facts indicating that defendant acted as a state actor, under color of state law, with respect to its role in the foreclosure proceedings. For these reasons, Count IV is not a viable claim for relief and is dismissed.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to dismiss. (DE 7). Plaintiffs' complaint is DISMISSED for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of September, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge